## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JASMINE BROWN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| HIRE DYNAMICS, LLC and DE WAFELBAKKERS, LLC, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jasmine Brown ("Plainiff" or "Ms. Brown"), by and through undersigned counsel, and files this, her Complaint for Damages against Hire Dynamics, LLC ("Defendant Hire Dymanics") and De Wafelbakkers, LLC ("Defendant De Wafelbakkers") (collectively, "Defendants"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendants' violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful and negligent sexual harassment and retaliation.

## II. JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

4.

Defendant Hire Dynamics is a domestic limited liability company qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Defendant De Wafelbakkers is a foreign limited liability company qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

6.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III.  <u>**PARTIES**</u>

7.

Defendant Hire Dynamics, a staffing company, provided temporary employees, including Plaintiff, to Defendant De Wafelbakkers.

8.

At all times relevant to this matter, Defendants employed Ms. Brown.  Ms. Brown submits herself to the jurisdiction of this Court.

9.

At all times material hereto, Defendants have conducted business within this District.

10.

During all times relevant hereto, Defendant Hire Dynamics has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

11.

Defendant Hire Dynamics may be served through its Registered Agent, Jon Neff, at 1845 Satellite Boulevard, Suite 800, Duluth, GA 30097.

12.

During all times relevant hereto, Defendant De Wafelbakkers has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

13.

Defendant De Wafelbakkers may be served through its Registered Agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

14.

Defendant Hire Dynamics and Defendant De Wafelbakkers are co-employers, acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control, integrated enterprise, or were successors in interest.

## IV. <u>ADMINISTRATIVE PROCEDURES</u>

### 15.

Plaintiff timely filed a charge of discrimination against each Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 8, 2020.

### 16.

The EEOC issued a "Notice of Right to Sue" for each Charge of Discrimination on August 27, 2020, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

### 17.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## V. <u>FACTUAL ALLEGATIONS</u>

### 18.

Ms. Brown began working for Defendant Hire Dynamics on or about November 8, 2019.

### 19.

Defendant Hire Dynamics assigned Ms. Brown to work at Defendant De Wafelbakkers as a Packer in November 2019.

20.

In early December 2019, Ms. Brown began being subjected to unwelcomed sexual comments and advances by Justin Strum, a Machine Operator.

21.

Mr. Strum had previously been employed by Defendant Hire Dynamics and assigned to work at the De Wafelbakkers as a Machine Operator.

22.

In late 2019, Mr. Strum became an employee of De Wafelbakkers.

23.

Mr. Strum told Ms. Brown that she had big lips and that he bet she gave good oral sex.

24.

Mr. Strum attempted to get another employee to convince her to talk to him by saying that he would eat Ms. Brown's ass like you dip celery in ranch.

25.

Mr. Strum cornered Ms. Brown in a breakroom and tried to get her phone number by shoving his cell phone into her chest.

26.

Ms. Brown rebuffed all of Mr. Strum's advances and repeatedly told him no.

27.

After being turned down repeatedly by Ms. Brown, Mr. Strum began spreading rumors about her giving oral sex.

28.

The harassment by Mr. Strum occurred nearly every shift that they worked together, which was approximately two to three times a week.

29.

On December 20, 2019, Ms. Brown reported the sexual harassment by Mr. Strum to the onsite supervisor for Defendant Hire Dynamics, Samuel Pendelton, to the HR Manager for De Wafelbakkers, Marilyn Wells, and to a Production Supervisor named Stacy.

30.

Ms. Brown was asked to provide a written statement concerning her complaint, which she did.

31.

Defendants told Ms. Brown that an investigation would be conducted into her complaint.

32.

Defendants also instructed Ms. Brown not to discuss her complaints with any other employees.

33.

Defendants failed to provide any additional updates to Ms. Brown concerning the investigations after her December 20, 2019, complaints.

34.

Over the next week, Ms. Brown continued to be scheduled in the same work areas as Mr. Strum.

35.

On December 31, 2019, Ms. Brown was notified by Defendant Hire Dynamics that she had been taken off the De Wafelbakkers account.

36.

While Defendant Hire Dynamics alleged that adverse action, i.e. termination of assignment, was due to excessive absenteeism/tardiness, this proffered explanation is pretextual.

37.

Prior to December 31, 2019, Ms. Brown had not been made aware that her attendance was an issue.

38.

Furthermore, during her assignment at De Wafelbakkers, Ms. Brown missed only one day and was never late.

39.

Ms. Brown requested her time and attendance records that Defendants based the decision on, but Defendant Hire Dynamics refused.

40.

Defendant Hire Dynamics failed to place Ms. Brown in any other position, in effect terminating her employment.

41.

Defendants terminated Ms. Brown because of her complaints of sexual harassment.

42.

Defendants' proffered reason for terminating Ms. Brown's employment are a pretext for retaliation.

43.

Mr. Strum continued to be employed by Defendant De Wafelbakkers, despite Ms. Brown's allegations.

44.

Defendants condoned the behavior of Mr. Strum through their decision to terminate Ms. Brown while allowing Mr. Strum to continue his employment.

45.

Defendants allowed its employees, specifically Justin Strum, to subject Ms. Brown to severe and pervasive sexual harassment while she was as employee.

46.

Defendants were aware of its male employee's propensity to sexually harass its female employees, including Ms. Brown.

47.

Defendants were aware of Mr. Strum's propensity to sexually harass female employees, including Ms. Brown.

48.

The sexual harassment was severe or pervasive, altering the terms and conditions of Plaintiff's employment.

49.

Defendants created a hostile work environment that Ms. Brown was required to endure as a condition of her employment.

50.

Defendants chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

51.

Defendants failed to take appropriate remedial actions to correct the sexual harassment.

## VI.  CLAIMS FOR RELIEF

### COUNT ONE:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

52.

Plaintiff re-alleges paragraphs 18-51 as if set forth fully herein.

53.

Defendants' actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

54.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

56.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

57.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination and retaliation.

**COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII**

58.

Plaintiff re-alleges paragraphs 18-51 as if set forth fully herein.

59.

Plaintiff's complaints to both Management and Human Resources of Defendants about unwelcomed sexual comments and advances constitute conduct protected under Title VII.

60.

Defendants' termination of Plaintiff's employment because of her complaints of sexual harassment constitutes unlawful retaliation in violation of Title VII.

61.

Accordingly, Defendants violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

62.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

63.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

64.

Defendants are therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

## COUNT THREE: RATIFICATION

65.

Plaintiff re-alleges paragraphs 18-51 as if set forth fully herein.

66.

Defendant De Wafelbakkers ratified its employee's tortious conduct, and therefore assumed liability for unauthorized conduct.   Despite Plaintiff's complaints and Defendant De Wafelbakkers' knowledge of the harassment, De Wafelbakkers did nothing to prevent its employee harassing Plaintiff, and instead terminated her employment.

67.

Marilyn Wells, who had knowledge of Plaintiff's report of sexual harassment, was a Human Resources Manager and thus Defendant De Wafelbakkers is strictly liable for De Wafelbakkers' conduct and tangible actions.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)        Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)         Special damages and/or liquidated damages for lost wages and

benefits and prejudgment interest thereon;

(d)         Reasonable attorney's fees and expenses of litigation;

(e)         Trial by jury as to all issues;

(f)         Prejudgment interest at the rate allowed by law;

(g)         All other relief to which she may be entitled.

Respectfully submitted the 25th day of September, 2020.

**BARRETT & FARAHANY**

*/s/ Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Plaintiff Jasmine Brown*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
adian@justiceatwork.com